UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN E. WATKINS,

   Petitioner,

v.           Case No. 8:06-cv-2024-T-24EAJ

GRADY JUDD, SHERIFF OF POLK COUNTY,

   Respondent.

_____

O R D E R

This cause is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 signed October 23, 2006, and filed November 1, 2006. Petitioner states that after jury trial in the Tenth Judicial Circuit, Polk County, Florida, he was found guilty of lewd molestation on September 7, 2006. Petitioner states that he has not yet been sentenced and that he is currently incarcerated in the Polk County Jail, Bartow, Florida, on other charges.

Petitioner Watkins has filed a state habeas petition and seeks to have this Court "Marshal or oversee the habeas corpus claims that this Petitioner is placing in the [state] Circuit Courts." He submitted, with the present federal petition, a copy of a petition of prohibition and a copy of the habeas corpus petition he has pending in state court.

DISCUSSION

A review of the applicable law and facts demonstrates that, for the following reasons, Petitioner Watkins' petition must be **DISMISSED.**

Petitioner apparently seeks to have this Court intercede in his state criminal case on the basis that he was convicted on hearsay evidence and that he was denied effective assistance of counsel because his public defender 1) failed to use, at trial, the caselaw that

Petitioner provided; 2) mismanaged counsel's heavy case load; and 3) participated in a separate trial on the day before Watkins' trial.

Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37 (1971); see also, Hicks v. Miranda, 422 U.S. 332, 349 (1975). The Younger court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
> . . .
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
> . . .
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 45-46 (citations and quotations omitted).

The Younger abstention doctrine does not preclude all federal court involvement any time there may be state proceedings. However, the doctrine does preclude involvement when the following conditions exist: a state judicial action is pending; the pending action implicates important state interests; and the state action is capable of addressing the federal constitutional question. See Lee v. City of Rome, Ga., 866 F. Supp. 545, 549 (N.D. Ga. 1994) (citing Huffman v. Pursue, Ltd., 420 U.S. 592, 600 (1975)).

In the present case, Watkins has a state judicial action pending; the pending action

implicates important state interests, and the state action is capable of addressing the federal constitutional question. Therefore, the <u>Younger</u> abstention doctrine applies and this Court will not interfere in Petitioner Watkins' ongoing state criminal proceedings by overseeing the handling of Watkins' habeas corpus petition in state court.

Accordingly, the Court orders:

That Petitioner's petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Petitioner Watkins and to close this case.

ORDERED at Tampa, Florida, on November 1, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

John E. Watkins